IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

VS.                                                          CRIMINAL NO.  2:14cr18 KS-MTP-3

DOMINIQUE O. MAGEE

ORDER

      This cause is before the Court on Motion Sever by Co-Defendant Dominique O. Magee [49] requesting this Court to sever the defendants in the above styled case and try his case separately from his co-defendants.  The government has responded in opposition to this Motion [51].  On July 31, 2014, movant was notified that he would need to file a reply if desired to the government's Response but to date none has been filed.  The Court has considered the Motion, Response and applicable rules and case law, and finds as follows, to-wit:

      The Indictment in this case is a six count Indictment and common to all counts is defendant Ashley R. Martin.  On the Court's docket sheet on August 4, 2014, Ashley R. Martin gave Notice of Intent to Plead Guilty and the guilty plea is scheduled later this month.  If Ashley Martin goes forward with his guilty plea, Count 3 will not be relevant since Ashley Martin is the only defendant charged in Count 3.  The remaining counts will stand against Dramaine S. Martin and Dominique O. Magee with Count 1 being a conspiracy alleging that they conspired with Ashley R. Martin to distribute methamphetamine.  The remaining counts, being Counts 2, 4, 5 and 6 are charges of possessing with intent to distribute or distributing methamphetamine with Counts 2, 4 and 5 charging defendant Dramaine Martin and Count 6 charging Magee.

The applicable rule regarding joinder of defendants or offenses is Rule 8.  Subsection (a) states:

> **Joinder of offenses.**  The indictment or information may charge a defendant in separate counts with two or more offenses if the offenses charged - whether felonies or misdemeanors or both - are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common plan or scheme.

The first count of the Indictment charges the three defendants with conspiring from some time in 2011 through the date of the Indictment which is March 18, 2014.  Counts  2, 4, 5 and 6 relate to distribution of methamphetamine. Said counts also allege a common thread of Ashley R. Martin.  It is apparent that the Indictment alleges a common plan or scheme involving a conspiracy among all three of the defendants.  Taking Ashley R. Martin out of the mix in no way changes the common plan or scheme but only changes the remaining defendants.

Sub-part (b) states:

> **Joinder of defendants.**  The indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

The facts of this case clearly allow joinder of the offenses under Rule 8 of the Federal Rules of Criminal Procedure.  Rule 8 is also broadly construed in favor of joinder.  The defendants have a right to request a separate trial under Rule 14 Fd.R.Crim.P. " only if there is a serious risk a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 234 (1993).

While the Motion states that Magee's defense strongly conflicts with that of his co-defendants, there are no specifics set forth in the Motion.  Nor is there any allegation of specific

prejudice that defendant Magee will suffer in the event of a joint trial. Conclusory statements are not sufficient. It appears from the Motion that the defense of Magee will be that he "did not do it". Separating a defendant who did not take part in the conspiracy from one shown to have participated is something that a jury can easily do. The instructions will be specific regarding the actions of each individual defendant.

It has not been shown to this Court that the defendant Magee will suffer undue prejudice by a joint trial. However, if during the trial undue prejudice appears in the proof, this Motion may be reurged.

For the reasons above stated, this Court finds that the Motion to Sever should be and is hereby overruled.

SO ORDERED this the 12th day of August, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE